NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN HAMMLER, <br><br>            Petitioner-Appellant, <br><br> v. <br><br> WILLIAM MUNIZ, Warden, <br><br>            Respondent-Appellee. | No. 16-55464 <br><br> D.C. No. <br> 2:12-cv-04700-JGB-SP <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted October 22, 2019**
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI, Judge.***

California state prisoner Allen Hammler appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

for two counts of forcible rape, two counts of forcible oral copulation, and two counts of false imprisonment. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. As the parties are familiar with the facts, we do not recount them here. We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs our review. Section 2254(d) applies even where, as here, "there has been a summary denial" by the state court. *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (citation omitted). "In these circumstances, [Hammler] can satisfy the unreasonable application prong of § 2254(d)(1) only by showing that there was no reasonable basis for the California Supreme Court's decision." *Id*. at 187-88 (quotation marks omitted). Hammler has not met that burden.

1.      Hammler argues the prosecutor engaged in misconduct by pressuring the jury to convict him, vouching for the evidence, using inflammatory language, referring to evidence outside the record, and acting as an advocate witness.[1] While the prosecutor did improperly vouch for the evidence, the California Supreme Court could have reasonably concluded that none of "the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotation marks

---

[1]      Hammler's motion for judicial notice of the preliminary hearing transcripts is granted. *See* Fed. R. Evid. 201(b).

and citation omitted); *see also Parker v. Matthews*, 567 U.S. 37, 48 (2012) (reversing grant of habeas relief based on prosecutorial misconduct and noting that "the *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations'" (citation omitted)).

2.     Hammler argues his trial counsel was ineffective for failing to (1) object to the prosecutor's misconduct, (2) ask the court to admonish the jury to disregard the prosecutor's improper argument, and (3) request jury instructions on the prosecutor's improper argument.  To be successful, Hammler must show both that his counsel was deficient and that he was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Because Hammler's prosecutorial misconduct claim fails, his ineffective assistance of trial counsel claim also fails. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (concluding that trial counsel is not "ineffective for failing to raise a meritless objection").

3.     Hammler additionally argues his appellate counsel was deficient for failing to raise issues of prosecutorial misconduct or ineffective assistance of trial counsel on direct appeal.  The *Strickland* standard applies to this claim as well. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Hammler "cannot sustain his claim for ineffective assistance of appellate counsel because the issues he raises are without merit." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

4.     Finally, Hammler claims the cumulative effect of the alleged errors

3

resulted in a denial of due process. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citation omitted). However, "[i]f the evidence of guilt is otherwise overwhelming" and "the errors are considered harmless," "the conviction will generally be affirmed." *Id.* at 928 (quotation marks omitted). While the prosecutor did err by vouching for the evidence, the error was harmless, and there were no other trial errors.

For the foregoing reasons, the California Supreme Court's denial of Hammler's claims was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.